

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 18, 2008

**BY HAND DELIVERY**

Honorable Denny Chin
United States District Judge
Southern District of New York
500 Pearl Street, Room 1020
New York, NY 10007

APR 1 8 2008

JUDGE CHIN'S CHAMB.

Re:   Diaz v. Department of Defense, et al.
        08 Civ. 370 (DC)

Dear Judge Chin:

*[handwritten: The Government may move to dismiss without a pre-motion conference. The motion shall be filed and served by 5/9/08. Plaintiff must respond to the motion by June 6, 2008. The Government shall file its reply papers, if any, by June 16, 2008. If plaintiff ... If plaintiff responds to the ... will be decided on his input. 4/23/08  So ORDERED.]*

I am the Assistant United States Attorney representing the interests of defendants Department of Defense, the Office of the Judge Advocate General of the Navy, and Charles W. Dorman in his official capacity (the "Government") in the above-captioned action brought by *pro se* plaintiff Salvador Diaz ("plaintiff"). Pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure, the Government's time to answer or otherwise respond to plaintiff's complaint runs on April 29, 2008.

For the reasons stated below, in lieu of answering, the Government intends to file a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, the Government respectfully requests an extension until May 9, 2008, to file the motion without a pre-motion conference, or, in the alternative, that the Court schedule a pre-motion conference and extend the time period during which the Government may move to dismiss.

Pending before Your Honor is plaintiff's motion for reconsideration of the Honorable Kimba Wood's January 15, 2008 *sua sponte* order, which dismissed plaintiff's complaint to the extent it seeks declaratory judgment voiding the findings and sentence of trial by court martial. Plaintiff's remaining claims thus fall under the following two categories: (1) money damages for constitutional violations stemming from his court-martial, post-trial review, and conditions of confinement at the United States Disciplinary Barracks ("USDB"); and (2) a request for injunctive relief and back pay for illegal discharge from the military. These claims must be dismissed for the reasons set forth below.

Hon. Denny Chin
April 18, 2008

First, this Court properly held that, under 10 U.S.C. § 876, it lacks subject matter jurisdiction to consider plaintiff's request to void the findings and sentence of trial by court martial. Because plaintiff's sentence included a dishonorable discharge and forfeiture of all pay and allowances, his claims for reinstatement to active duty and back pay must also be dismissed.

Second, plaintiff's monetary damages claims for alleged constitutional violations during his court-martial, post-trial review, and conditions of confinement at the USDB must be dismissed for lack of subject matter jurisdiction. As a preliminary matter, plaintiff's claim for money damages against the Department of Defense, the Office of the Judge Advocate General of the Navy, and Charles Dorman in his official capacity as Chief Judge of the United States Navy-Marine Corps Court of Criminal Appeals, is properly a claim against the United States. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (suits against officers of the United States acting in their official capacities, or against agencies of the United States, are considered suits against the United States). However, the law is well-settled that "the United States has not waived its sovereign immunity as to constitutional tort claims for money damages . . . ." *Owusu v. Federal Bureau of Prisons*, No. 02 Civ. 0915, 2003 WL 68031, at *1 (S.D.N.Y. Jan. 7, 2003).

Third, to the extent plaintiff seeks money damages for common-law torts committed at the USDB under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), or for constitutional violations committed by unnamed officers at the USDB under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), those claims must also be dismissed. In *Feres v. United States*, 340 U.S. 135 (1950), the Supreme Court held that the federal government is not liable under the FTCA "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146. This exception was later extended to include damages claims under *Bivens*. *Chappell v. Wallace*, 462 U.S. 296, 305 (1983). Furthermore, the Tenth Circuit has expressly held that claims brought by discharged service members who are incarcerated at the USDB can be deemed claims "incident" to military service, because military prisoners are still subject to the Uniform Code of Military Justice and can be tried by court-martial for offenses committed during incarceration. *See Ricks v. Nickels*, 295 F.3d 1124, 1132-33 (10th Cir. 2002). As a result, to the extent plaintiff alleges FTCA or *Bivens* claims against the USDB and its officers, these claims are barred by the *Feres* doctrine. *See id.* at 1133 (dismissing *Bivens* claim brought by discharged soldier serving time at USDB).

Finally, all of plaintiff's constitutional claims must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's claim that defendant Dorman "labor[ed] under a conflict of interest" and "abandoned every judicial standard of review, in violation of Article VI of the Constitution" must be dismissed because Article VI does not create a substantive cause of action. In addition, plaintiff's assertions that the USDB denied him medical care and unfairly disciplined him to the level of imposing "cruel and unusual punishment" are insufficient to allege a violation of the Eighth Amendment. The complaint lacks any facts demonstrating that plaintiff (1) suffered a deprivation that was, objectively, "sufficiently serious," and (2) was incarcerated

Hon. Denny Chin
April 18, 2008

under conditions that denied him "the minimal civilized measures of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Moreover, he alleges no facts demonstrating a "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

Thus, for the foregoing reasons, the Government requests leave to file a motion to dismiss by May 9, 2008, or in the alternative, that the Court schedule a pre-motion conference in this matter and extend the time period during which the Government may move to dismiss.

We thank the Court for its consideration of this request.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York

By:

TOMOKO ONOZAWA
Assistant United States Attorney
Telephone: (212) 637-2721
Facsimile: (212) 637-2686

cc:     Salvador Diaz (via Federal Express)
        52 Arden Street, #5A
        New York, NY 10040
        *Plaintiff Pro Se*

-3-