UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

SALVADOR DIAZ,                             :

                        Plaintiff,         :

              - against -                   :          **ORDER**

DEPARTMENT OF DEFENSE; JUDGE               :          08 Civ. 370 (DC)
ADVOCATE GENERAL OF THE NAVY;
CHARLES W. DORMAN, MILITARY JUDGE, :

                        Defendants.         :

- - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/2?/08

**CHIN, District Judge**

Pro se plaintiff Salvador Diaz moves for
reconsideration of Chief Judge Kimba Wood's January 15, 2008
order dismissing his complaint in part for lack of subject matter
jurisdiction.  The motion is denied.

On December 1, 2000, plaintiff, then a chief petty
officer in the United States Navy, was convicted on multiple
charges of rape and indecent acts with his twelve-year old
daughter.  He was dishonorably discharged and sentenced to nine
years imprisonment, forfeiture of all pay and allowances, and a
reduction in pay grade.  Upon appeal, plaintiff's conviction and
sentence were twice affirmed, first by the Navy-Marine Corps
Court of Criminal Appeals in March 2005 and then by the United
States Court of Appeals for the Armed Forces in September 2006.
Certiorari was denied on April 16, 2007.

Plaintiff filed a complaint dated July 12, 2007,
petitioning the Court for certain relief including, among other
things, a "declaratory judgment voiding the findings and sentence

of [his] trial by court martial," "restoration to military duty at the rank he would rightfully have held," and an order directing "the State of New York to cease proceedings to register the plaintiff as a sex offender."  (Compl. 1, 4).[1]  Plaintiff also sought unspecified monetary damages.  By order dated January 15, 2008, Judge Wood sua sponte dismissed plaintiff's complaint to the extent that it sought to void his conviction and stay the state proceedings, on grounds that (1) federal district courts lack jurisdiction to consider challenges to a military conviction by court martial and (2) plaintiff failed to allege facts demonstrating that his ongoing state proceeding provided him "an inadequate opportunity for judicial review" of his federal claims.  Diaz v. Dep't of Defense, No. 08 Civ. 370 (KWW) (S.D.N.Y. Jan. 15, 2008).  Judge Wood did not address the merits of plaintiff's other requests.

Plaintiff's motion for reconsideration fails to demonstrate that Judge Wood overlooked controlling decisions or facts that might be reasonably expected to alter her conclusion. Plaintiff cites no Second Circuit authority that a district court may void a military conviction by court martial, and does not

---

[1]    Plaintiff's complaint is his latest effort to challenge his conviction.  He previously filed three habeas petitions before the United States District Court of the District of Kansas between 2002 and 2006; each was dismissed.

address the denial of his request for a stay.  Accordingly, the

motion for reconsideration is denied.

SO ORDERED.

Dated:   New York, New York
         August 27, 2008

DENNY CHIN
United States District Judge